UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| **MARKISHA MASON o/b/o M.Z.M.** | * | **DOCKET NO. 05-2134** |
| **VERSUS** | * | |
| **MICHAEL J. ASTRUE, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION** | * | **MAGISTRATE JUDGE HAYES** |

## MEMORANDUM RULING

Before the court is plaintiff's petition for review of the Commissioner's denial of social security disability benefits. Pursuant to 28 U.S.C. § 636(c)(1) and with the consent of all parties, the above-captioned matter was referred to the undersigned magistrate judge for the administration of proceedings and entry of judgment. For the reasons assigned below, the decision of the Commissioner is **REVERSED**, and the matter **REMANDED** with instructions that the Commissioner grant plaintiff's application and calculate the disability benefits due her.

## BACKGROUND

On August 25, 2003, plaintiff, Markisha Mason, protectively filed the instant application for Supplemental Security Income (SSI) benefits on behalf of her minor daughter, M.Z.M. (claimant). (Tr. 46-47, 74).[1] Plaintiff alleged that M.Z.M. became disabled as of November 20, 2002, due to having to take shots and attend therapy. (Tr. 68).[2] The claim was denied at the initial stage of the administrative process. (Tr. 36-40). Accordingly, plaintiff requested, and

---

[1] The court refers to the minor by her initials in accordance with LR 5.82W and the E-Government Act of 2002.

[2] M.Z.M. was born on November 20, 2002. (Tr. 46)

received a March 24, 2005, hearing before an Administrative Law Judge ("ALJ"). (Tr. 27-35). However, by decision dated May 23, 2005, the ALJ found that M.Z.M. was not disabled under the Social Security Act. (Tr. 13-22). Plaintiff appealed the adverse decision to the Appeals Council. On August 17, 2005, and again on October 11, 2005, the Appeals Council denied the request for review, and thus the ALJ's decision became the final decision of the Commissioner. (Tr. 3-8). On December 9, 2005, Mason sought review before this court. She contends that the ALJ erred in finding that M.Z.M.'s impairment does not meet a Listing in the Category of Impairments in Appendix 1 to Subpart P, Social Security Regulations No. 4.

## **STANDARD OF REVIEW**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Where the Commissioner's decision is supported by substantial evidence, the findings therein are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's decision is not supported by substantial evidence when the decision is reached by applying the improper legal standards. *Singletary v. Brown*, 798 F.2d 818 (5th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. at 401. While substantial evidence lies somewhere between a scintilla and a preponderance, substantial evidence clearly requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Muse v. Sullivan*, 925 F.2d 785, 789 (5th Cir. 1991). Conversely, a finding of no substantial evidence is proper when no credible medical findings or evidence support the ALJ's determination. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir.

1988). The reviewing court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Secretary. *Greenspan v. Shalala*, 38 F.3d 232, (5th Cir. 1994).

## LAW

On August 22, 1996, Congress passed the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Pub.L. 104-193, 110 Stat. 2105, which amended 42 U.S.C. §1382c(a)(3). Pursuant to this law, a child under the age of eighteen is considered disabled for purposes of SSI benefits if "that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §1382c(a)(3)(C)(I) (1997).

The regulations set forth a three-step process for a child seeking benefits. First, the ALJ must determine if the child is engaged in substantial gainful activity. 20 C.F.R. § 416.924. If the child is not so engaged, then the ALJ determines whether the child has a medically determinable impairment(s) that is severe. *Id*. An impairment(s) will not be deemed severe if it constitutes a "slight abnormality or a combination of slight abnormalities that causes no more than minimal functional limitations." *Id*. Finally, an impairment(s) that is severe must also meet, equal, or functionally equal a listed impairment. *Id*.

## DISCUSSION

The ALJ determined that M.Z.M. had not engaged in substantial gainful activity since the alleged onset date. (Tr. 17, 21). He further found that M.Z.M. suffers from developmental coordination delay – a severe impairment. *Id*. However, the ALJ concluded that the impairment did not meet, medically equal, or functionally equal a listing impairment. (Tr. 17-21).

Plaintiff contends that M.Z.M.'s impairment meets Listing 111.07. To establish that a

claimant's injuries meet or medically equal a Listing, the claimant must provide medical findings that support all of the criteria for a listed impairment (or most similarly listed impairment). *See, Selders v. Sullivan*, 914 F.2d 614, 619 (5th Cir. 1990). An impairment that manifests only some of the requisite criteria, no matter how severely, does not qualify. *Sullivan v. Zebley*, 493 U.S. 521, 530, 110 S.Ct. 885, 891 (1990). If the plaintiff fails to demonstrate the specified medical criteria, the court will find that substantial evidence supports the ALJ's finding that Listings-level impairments are not present. *Selders*, 914 F.2d at 620.

Listing 111.07A requires a diagnosis of cerebral palsy with motor dysfunction meeting the requirements of Listing 111.06 (or Listing 101.03). 20 C.F.R. Subpart P, App. 1, Section 111.07A. Motor dysfunction under Listing 111.06 requires "[p]ersistent disorganization or deficit of motor function for age involving two extremities, which (despite prescribed therapy) interferes with age-appropriate major daily activities and results in disruption of A. Fine and gross movements; or B. Gait and station." 20 C.F.R. Subpart P, App. 1, Section 111.06.

In the case *sub judice*, the record establishes (and the ALJ does not dispute) that M.Z.M. suffers from cerebral palsy. (Tr. 140).[3] Moreover, the evidence is also uniform that M.Z.M. has a motor dysfunction as defined under Listing 111.06 – she cannot walk unassisted despite being over two years old. (Tr. 144, 142-143). This condition affects both lower extremities, and disrupts her gross and fine motor skills. (Tr. 140, 143). She also cannot stand without assistance. (Tr. 144).

Rather than reversal for further proceedings, plaintiff seeks a judgment awarding benefits.

---

[3] She was earlier diagnosed with Developmental Coordination Disorder. (Tr. 129-131). However, subsequent testing was consistent with a diagnosis of cerebral palsy. (Tr. 140-141).

"The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. §405(g). When reversal is warranted, the matter is remanded with instructions to make an award only if the record enables the court to conclusively determine that the claimant is entitled to benefits. *See, Ferguson v. Heckler*, 750 F.2d 503, 505 (5th Cir. 1985); *see also, Rini v. Harris*, 615 F.2d 625, 627 (5th Cir.1980) (reversing and remanding with direction to enter judgment where the evidence in favor of the commissioner was not substantial and the record clearly showed the claimant's right to benefits).

In the case *sub judice*, the record conclusively establishes that M.Z.M.'s impairment meets Listing 111.07. *See*, discussion, *supra*. Accordingly, she is deemed disabled under the Social Security Act. 20 C.F.R. § 416.924(d).

For the foregoing reasons, judgment will be entered **REVERSING** the decision of the Commissioner and **REMANDING** the matter with instructions that the Commissioner grant plaintiff's application and calculate the disability benefits due her.

THUS DONE AND SIGNED at Monroe, Louisiana, this 2nd day of March, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE