UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MARKISHA MASON o/b/o M.Z.M.          *       DOCKET NO. 05-2134


VERSUS                                *


MICHAEL J. ASTRUE,                    *       MAGISTRATE JUDGE HAYES
COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION

MEMORANDUM RULING

Before the court are plaintiff's Motion for Permission to File Appellant's Application for a

Fee Pursuant to 42 U.S.C. § 406(b) Out of Time [doc. # 23] and Motion for Approval of an

Attorney Fee Pursuant to 42 U.S.C. § 406(b) [doc. # 18].[1]  The Commissioner filed a response to

plaintiff's motion for § 406(b) fees suggesting that it was untimely.   The matter is now before the

court.

1) Out of Time § 406(b) Motion

On March 2, 2007, this court reversed and remanded the Commissioner's decision with

instructions to grant plaintiff's application and to calculate the disability benefits due her.  (*See*,

March 2, 2007, Judgment).  The time period to file a motion for attorney's fees under § 406(b) is

governed by Federal Rule of Civil Procedure 54(d)(2) which provides that the motion for fees

must be filed no later than 14 days after entry of judgment "unless otherwise provided by statute

or order of the court."  *Pierce v. Barnhart*, 440 F.3d 657, 663-664 (5th Cir. 2006); Fed.R.Civ.P.

_____

[1]  Pursuant to 28 U.S.C. § 636(c)(1) and with the consent of all parties, the above-
captioned matter was referred to the undersigned magistrate judge for the administration of
proceedings and entry of judgment.

54(d)(2).

Acknowledging that his motion was not filed within 14 days after entry of judgment, plaintiff's counsel petitioned the court for an order permitting him to file his motion for § 406(b) fees out of time. *See*, doc. # 23. In support of his motion, counsel argues that he did not file his motion for § 406(b) fees within the 14 day period because: 1) it was not then known when benefits would commence; 2) the Commissioner's appeal delays had not run; and 3) the court had not yet been presented with a petition for EAJA fees.[2] The court finds that counsel's explanation satisfies the "excusable neglect" exception set forth in Federal Rule of Civil Procedure 6(b)(2). *See, Texas Soil Recycling, Inc. v. Intercargo Ins. Co.*, 2003 WL 21756344 (5th Cir. 2003) (unpubl.) (citing Fed.R.Civ.P. 6(b)(2)). Accordingly, an order will be entered granting plaintiff's motion to file his motion for § 406(b) fees out of time.

2) <u>Section 406(b) Fees</u>

Section 406(b) provides that

[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(I) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.
42 U.S.C.§ 406(b).

---

[2] A petition for fees under the Equal Access to Justice Act, 28 U.S.C. §2412 ("EAJA") does not ripen until the appeal delays have run (*i.e.* 60 days after entry of judgment). *See, Melkonyan v. Sullivan*, 501 U.S. 89, 102, 111 S.Ct. 2157, 2165 (1991) and *Shalala v. Schaefer* 509 U.S. 292, 302, 113 S.Ct. 2625, 2632 (1993).

In its § 406(b) analysis, the district courts are required to review contingent fee agreements to assure that they are reasonable under the circumstances.  *Gisbrecht v. Barnhart*,  535 U.S. 789, 122 S.Ct. 1817 (2002).  For fees within the 25 percent boundary, the burden remains with the claimant to show that "the fee sought is reasonable for the services rendered."  *Id*.

As set forth above, the instant plaintiff obtained a favorable judgment that instructed the Commissioner to award benefits.  (*See*, March 2, 2007, Judgment).  Upon remand, the Commissioner awarded plaintiff past benefits totaling $ 9,742.42.  (*See*, Pl. Exh.).  Plaintiff's counsel seeks to recover 25 percent ($ 2,435.60) of the past benefit award as a reasonable fee for representation before this court.

Our analysis begins with the fee agreement.  *Gisbrecht, supra*.  Counsel submitted a November 22, 2005, Retainer Agreement: SSI for a Minor (AC-DCT) ("Contract") that was signed by plaintiff and her counsel.  (John Ratcliff Affidavit; Attach.).  The Contract provides that counsel will receive 25 percent of the past-due benefits resulting from a favorable resolution of plaintiff's claims.  *Id*.

Under *Gisbrecht*, the court must also determine whether the fee specified in the agreement is reasonable.  *Gisbrecht, supra*.  Fees may be reduced based upon the character of the representation, the results achieved, delay by the attorney, or if the benefits are large in comparison to the amount of time spent on the case.  *Gisbrecht, supra*.

Here, plaintiff's counsel obtained a completely favorable outcome, with no indication of undue delay on his part.  In his EAJA fee petition, plaintiff's counsel averred that he spent 15.80 hours prosecuting this matter in federal court.  (Ratcliff Affidavit attach. to doc. # 19).  Accordingly, if plaintiff's counsel were to receive the requested amount ($2,435.60) under the

Contract, then he will have been compensated at an hourly rate of $ 154.15.

Upon due consideration of all relevant circumstances, the court finds that the requested fees pursuant to the Contract are not unreasonable. Accordingly, an order will be entered granting plaintiff's Motion for Approval of an Attorney Fee Pursuant to 42 U.S.C. § 406(b) [doc. # 18] and awarding fees in the amount of $ 2,435.60, subject to counsel's obligation to refund to his client previously awarded EAJA fees in the amount of $ 1,975.00.  *See*, June 20, 2007, Order; *Wells v. Bowen*,  855 F.2d 37, 42 (2d Cir. 1988) (and cases cited therein) (counsel must return the smaller of two fee awards).

THUS DONE AND SIGNED at Monroe, Louisiana, this 26th day of June, 2007.


KAREN L. HAYES
U. S. MAGISTRATE JUDGE

4